## IN THE CIRCUIT COURT FOR THE SIXTH JUDICIAL CIRCUIT
## IN AND FOR PINELLAS COUNTY, FLORIDA
## CIVIL DIVISION

**STEPHEN L. MEININGER, as Chapter 7**
**Trustee of the estate of MELAINE D.**
**BENSINGER,**

    **Plaintiff,**

**v.**

**ALLIANCE ONE RECEIVABLES**
**MANAGEMENT, INC., a Delaware**
**corporation,**
**and**
**NCO FINANCIAL SYSTEMS, INC., a**
**Pennsylvania corporation,**
**and**
**MRS BPO LLC, a New Jersey limited liability**
**company, d/b/a MRS ASSOCIATES**
**and**
**GLOBAL CREDIT & COLLECTION**
**CORPORATION,  a Delaware corporation.**
**and**
**CAPITAL ONE BANK (USA), N.A., a national**
**banking association,**

    **Defendants.**

_____/

**CASE NO.: 11-1996-CI-19**

**JURY TRIAL DEMANDED**

## AMENDED COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND
## TELEPHONE CONSUMER PROTECTION ACT

    **COMES NOW** Plaintiff, Stephen L. Meininger, the Chapter 7 Trustee of the bankruptcy

estate of Melaine D. Bensinger, by and through the undersigned law firm, and sues Defendants,

Alliance One Receivables Management, Inc., a Delaware corporation, NCO Financial Systems,

Inc., a Pennsylvania corporation, MRS BPO LLC, a New Jersey limited liability company, d/b/a

MRS Associates, Global Credit & Collection Corporation, a Delaware corporation, and Capital

One Bank (USA), N.A., a national banking association, and alleges as follows:

## PRELIMINARY STATEMENT

1.     On or about April 18, 2010 (the "Petition Date"), the Debtor, Melaine D. Bensinger , filed a petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"), currently pending in Bankruptcy Court.

2.     Plaintiff brings this action pursuant to 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (the "FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA") and 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA").

## JURISDICTION AND VENUE

3.     This is an action for damages exceeding $5,000.00 and less than $15,000.00, exclusive of interest, attorneys' fees and court costs.

4.     Pursuant to Fla. Stat. §§ 26.012(2), 559.77(1) and other applicable law, this Court has jurisdiction over each cause of action set forth herein.

5.     Pursuant to Fla. Stat. §§ 47.011 and 559.77(1), this is the appropriate venue for each count set forth herein because the Defendants do business in Pinellas County, Florida and Debtor is a consumer located in Pinellas County, Florida.

## PARTIES

6.     Plaintiff, Stephen L. Meininger ("Plaintiff" or "Trustee") is the Chapter 7 Trustee of the bankruptcy estate of Melaine D. Bensinger ("Bensinger" or "Debtor"). Bensinger is a natural person resident in the City of Clearwater, County of Pinellas, State of Florida, where the causes of action arose, and a "consumer," as that term is defined by 15 U.S.C. § 1692a(3) and

Fla. Stat. § 559.55(2), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

7.       Defendant, Alliance One Receivables Management, Inc., a Delaware corporation, together with its collecting agents, ("Alliance"), doing business in the State of Florida, is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

8.       Defendant, NCO Financial Systems, Inc., a Pennsylvania corporation, together with its collecting agents, ("NCO"), doing business in the State of Florida, is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

9.       Defendant, MRS BPO LLC, a New Jersey limited liability company, d/b/a MRS Associates, together with its collecting agents, ("MRS"), doing business in the State of Florida, is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

10.       Defendant, Global Credit & Collection Corporation, a Delaware corporation, together with its collecting agents, ("GCCC"), doing business in the State of Florida, is a "debt collector," as that term is defined by 15 U.S.C § 1692a(6) and Fla. Stat. § 559.55(6), and is a "person" as provided by 47 U.S.C. § 227(b)(1) and under Fla. Stat. § 559.72.

11.       Defendant, Capital One Bank (USA), N.A., a national banking association, ("Cap One" collectively with Alliance, NCO, MRS and GCCC are "Defendants"), doing business in the State of Florida, is a "creditor" as that term is defined by 15 U.S.C. § 1692a(4) and Fla. Stat. § 559.55(3), and is a "person" as provided by 47 U.S.C. § 227(b)(1) under Fla. Stat. § 559.72.

12.    All conduct of Defendants alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendants, and/or knew in advance that the Defendants were likely to conduct themselves and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

13.    The Defendants' communications set forth below were made only to exhaust the unpaying resisting Debtor's will in an attempt to break the Debtor and have Debtor pay amounts owed long after the Debtor were given all necessary information and persuasion and negotiation failed, as demonstrated by Debtor expressly communicating to the Defendants to stop calling Debtor.

14.    The Defendants communications set forth below are wholly without excuse.

15.    At all times mentioned herein, the agent(s) or employee(s) of Defendants acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendants. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

16.    At all times mentioned herein, Alliance, MRS, NCO and GCCC was an agent of Cap One, and acted within the course and scope of such agency, and acted with the consent, permission, authorization and direction of Cap One. Each such entity acted as a co-actor in an enterprise to unlawfully attempt to collect debts from Debtor.

17.    Cap One communicated electronically at all times with Alliance, MRS, NCO and GCCC and monitored, directed, authorized and controlled Alliance's activities through "on demand" electronic communications.

## FACTUAL ALLEGATIONS

18.     Debtor is alleged to owe debts to Cap One (the "Alleged Debt"), including without limitation, debts on Schedule F of the Debtor's bankruptcy schedules bearing account numbers ending 6469, 5129, 8298 and 6979 in the total amount of $6,426.00, which Defendants were attempting to collect from Debtor before Debtor filed for bankruptcy.

19.     The Section 341 Meeting of the Creditors (the "341 Hearing") for the pending bankruptcy was held on May 20, 2010.

20.     Defendants made multiple collection calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010 (the "Collection Calls") to Debtor attempting to collect the Alleged Debt.

21.     It was the substance of the testimony of the Debtor, sworn and under oath at the 341 Hearing, that:

> a) Cap One made seven Collection Calls to Debtor each day, six to seven days each week.
>
> b) Cap One made Collection Calls to Debtor after Debtor told Cap One that Debtor could not pay the Alleged Debt.
>
> c) Cap One made Collection Calls to Debtor after Debtor told Cap One to stop calling Debtor regarding the Alleged Debt.
>
> d) Cap One made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Cap One that Cap One was not allowed to call Debtor at her place of employment.
>
> e) Cap One made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us."

f) Cap One made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m.

g) Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010 to represent Debtor regarding the Alleged Debt.

h) Cap One made seven Collection Calls to Debtor, after Debtor retained counsel, informed Cap One of retained counsel, and provided counsel's contact information to Cap One, and Cap One ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."

22.   Based upon information provided by Cap One.

a) Cap One retained Alliance from January 2009 through March 2009, to collect the Alleged Debt from Debtor.

b) Cap One retained NCO from April 2009 through September 2009, to collect the Alleged Debt from Debtor.

c) Cap One retained MRS from October 2009 through January 2010, to collect the Alleged Debt from Debtor.

d) Cap One retained GCCC in April 2010, to collect the Alleged Debt from Debtor.

23.   Defendants made Collection Calls to Debtor identifying themselves by the Alleged Debt during the timeframes set forth for each in paragraphs 20-22, for each Defendant.

24.   Defendants, during the timeframes set forth for each Defendant in paragraphs 20-22: (1) made multiple Collection Calls each day on multiple days in multiple weeks over

multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.* AS TO ALLIANCE

25.     This is an action against Alliance for violations of 15 U.S.C. § 1692 *et seq*.

26.     Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

27.     Alliance, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication: (i)

through telephone and data lines linking Alliance with Cap One's systems and communications and (ii) to communicate with Debtor.

28.     The principal business of Alliance is the collection of debts and Alliance regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

29.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

30.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

31.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt —

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

32.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692c(a)(1) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one

right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls

at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained

counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

all of which is Alliance communicating with Debtor at an unusual time or place or at a time or

place known or which should be known to be inconvenient to Debtor.

33.     Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the
> collection of any debt —
>
> (2) if the debt collector knows the consumer is represented by an attorney with
> respect to such debt and has knowledge of, or can readily ascertain, such
> attorney's name and address, unless the attorney fails to respond within a
> reasonable period of time to a communication from the debt collector or unless
> the attorney consents to direct communication with the consumer.

34.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692c(a)(2) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor,

after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants

of retained counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

which is communication with Debtor by Alliance where Alliance knew Debtor was represented

by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name

and address.

35.     Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

36.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692d when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time – one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is conduct by Alliance the natural consequence of which is to harass, oppress, or abuse Debtors, including by violations of the TCPA and FCCPA, in connection with the collection of the Alleged Debt.

37.     Section 15 U.S.C. § 1692d(5) provides in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

38.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692d(5) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a threat by Alliance to Debtors to take an action to continue to attempt to collect

the Alleged Debt by abuse and harassment by violating the FDCPA, FCCPA, and TCPA, and by unfair and deceptive practices, which are actions that Alliance cannot legally take.

39.    Section 15 U.S.C. § 1692e provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

40.    Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which was use of false, deceptive, or misleading representation or means by Alliance that Alliance could collect the

Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and TCPA, and by

unfair and deceptive practices in connection with the collections of the Alleged Debt.

    41.     Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of —
>
>     (A) the character, amount, or legal status of any debt;

    42.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692e(2)(A) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each

day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told

Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor

after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made

multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor

told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one

right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls

at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained

counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

which is Alliance using false representation of the character, amount, or legal status of the

Alleged Debt as a debt that could be collected by abuse and harassment and unfair and deceptive

practices, including by violating the TCPA and FCCPA, in connection with the collection of the

Alleged Debt.

43.     Section 15 U.S.C. § 1692e(5) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not
> intended to be taken.

44.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated  15

U.S.C. § 1692e(5) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each

day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told

Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor

after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made

multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor

told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one

right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls

at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained

counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a threat by Alliance to Debtor to take an action to continue to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and TCPA, and by unfair and deceptive practices, which are actions that Collector Defendant cannot legally take.

45. Section 15 U.S.C. § 1692e(10) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

46. Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e(10) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which was Alliance's use of false representation or deceptive means to collect or attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA and TCPA.

47.     Section 15 U.S.C. § 1692f provides in pertinent part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

48.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692f when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided

counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is Alliance using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

49.     As a result of Alliance's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

50.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that Alliance has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT II

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO ALLIANCE

51.     This is an action against Alliance for violation of Fla. Stat. § 559.55 *et seq.*

52.     Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

53.     Alliance is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

54.     The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

55.     Alliance communicated certain information to Debtor as set forth in the above

Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. §

559.55(5).

56.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family
with such frequency as can reasonably be expected to harass the debtor or her or
his family, or willfully engage in other conduct which can reasonably be expected
to abuse or harass the debtor or any member of her or his family.

57.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated Fla.

Stat. § 559.72(7) when Defendants (1) made multiple Collection Calls each day on multiple days

in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor

attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six

to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that

Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told

Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection

Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that

Defendants was not allowed to call Debtor at her place of employment; (6) made Collection

Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to

us." (7) made multiple Collection Calls, three collection calls each time - one right after the other

to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and

10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L.

Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided

counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a willful communication with the Debtor with such frequency that Alliance could reasonably expect such communication to harass Debtor, or which was a willful engagement by Alliance in other conduct, including by violations of the FDCPA and TCPA, which could reasonably be expected to abuse or harass Debtor.

58.   Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) ... or assert the existence of some other legal right when such person knows that the right does not exist.

59.   Alliance, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(9), second half, when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained

counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

all of which is an assertion of the existence of the legal right to attempt to collect the Alleged

Debt, including violations of the FDCPA and TCPA, and by unfair and deceptive practices,

which are rights Alliance knows does not exist, in violation of the FCCPA including Fla. Stat. §

559.72(9), second half.

     60.    Fla. Stat. § 559.72(17) provides, in pertinent part:

    In collecting consumer debts, no person shall:

    (17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor...

    (a) The person may presume that the time a telephone call is received conforms to the local time zone assigned to the area code of the number called, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

    (b) If, such as with toll-free numbers, an area code is not assigned to a specific geographic area, the person may presume that the time a telephone call is received confirms to the local time zone of the debtor's last known place of residence, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

     61.    Alliance, during the timeframes set forth for it in paragraphs 20-22, violated Fla.

Stat. § 559.72(17) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls, three

collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00

a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m.; which are communications with

Debtor between 9 p.m. and 8 a.m. without Debtor's prior consent.

62.     Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

63.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(18) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which is a communication with Debtor by Alliance where Alliance knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

64.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

65.     As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Alliance is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

66.     Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Alliance as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Alliance, finding that the Alliance violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT III

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO ALLIANCE

67.     This is an action against Alliance for violations of 47 U.S.C. § 227 *et seq.*

68.     Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

69.     Alliance, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

70.     Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

71.     Alliance, during the timeframes set forth for it in paragraphs 20-22, violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17,

2010, to Debtor attempting to collect the Alleged Debt; (2) made multiple Collection Calls to

Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that

Defendants was not allowed to call Debtor at her place of employment; which is Alliance's use

of an automatic telephone dialing system to make multiple Collection Calls to Debtor on

Debtor's personal cell phone after Debtor told Alliance that Alliance did not have permission to

call Debtor.

72.     Alliance willfully, knowingly, and intentionally made multiple Collection Calls to

Debtor's personal cell phone utilizing an automatic telephone dialing system after Debtor told

Alliance that Alliance did not have permission to call Debtor.

73.     All conditions precedent to this action have occurred, have been satisfied or have

been waived.

74.     As a result of the above violation of the TCPA, Alliance is liable to Plaintiff for

actual damages, or the amount of $500.00 as damages for each violation, whichever is greater,

pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

75.     Based upon the willful, knowingly, and intentional conduct of the Alliance as

described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the

damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. §

227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the

Alliance: (1) finding Alliance violated the TCPA; (2) awarding Plaintiff actual damages or the

amount of $500.00 in damages for each violation, whichever is greater; (3) finding Alliance

willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the

damages award to treble the amount of damages otherwise to be entered as a judgment; and (4)

awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IV

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.* AS TO NCO

76.     This is an action against NCO for violations of 15 U.S.C. § 1692 *et seq.*

77.     Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth

here-in.

78.     NCO, in the conduct of its business, uses one or more instrumentalities of

interstate commerce or the mails, including, without limitation, electronic communication: (i)

through telephone and data lines linking NCO with Cap One's systems and communications and

(ii) to communicate with Debtor.

79.     The principal business of NCO is the collection of debts and NCO regularly

collects or attempts to collect, directly or indirectly, debts owed or due to another.

80.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

81.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

82.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

83.     NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692c(a)(1) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is NCO communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

84.    Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —
>
> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

85.     NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692c(a)(2) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which is communication with Debtor by NCO where NCO knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

86.     Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

87.     NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692d when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to

us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is conduct by NCO the natural consequence of which is to harass, oppress, or abuse Debtors, including violations of the TCPA and FCCPA, in connection with the collection of the Alleged Debt.

88.    Section 15 U.S.C. § 1692d(5) provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

89.    NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692d(5) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us.";
all of which is a threat by NCO to Debtors to take an action to continue to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA, FCCPA, and TCPA, and by unfair and deceptive practices, which are actions that NCO cannot legally take.

90.     Section 15 U.S.C. § 1692e provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

91.     NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to

us." (7) made multiple Collection Calls, three collection calls each time – one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which was use of false, deceptive, or misleading representation or means by NCO that NCO could collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and TCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt.

92.    Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of —
>
> (A) the character, amount, or legal status of any debt;

93.    NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e(2)(A) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which is NCO using false representation of the character, amount, or legal status of the Alleged Debt as a debt that could be collected by abuse and harassment and unfair and deceptive practices, including violating the TCPA and FCCPA, in connection with the collection of the Alleged Debt.

94.    Section 15 U.S.C. § 1692e(5) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

95.    NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e(5) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made

multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor

told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one

right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls

at 7:30 a.m. and 10.00 p.m.; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained

counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

all of which is a threat by NCO to Debtor to take an action to continue to attempt to collect the

Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and TCPA, and by

unfair and deceptive practices, which are actions that Collector Defendant cannot legally take.

96.     Section 15 U.S.C. § 1692e(10) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

97.     NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692e(10) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each

day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told

Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor

after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us.";  which was NCO's use of false representation or deceptive means to collect or attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA and TCPA.

98.  Section 15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

99.  NCO, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692f when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that

Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is NCO using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

100.    As a result of NCO's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

101.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that NCO has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT V

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO NCO

102.    This is an action against NCO for violation of Fla. Stat. § 559.55 *et seq.*

103.    Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

104.    NCO is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

105    The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

106.    NCO communicated certain information to Debtor as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

107.    Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

108.    NCO, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(7) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that

Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a willful communication with the Debtor with such frequency that NCO could reasonably expect such communication to harass Debtor, or which was a willful engagement by NCO in other conduct, including violations of the FDCPA and TCPA, which could reasonably be expected to abuse or harass Debtor.

109.    Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) ... or assert the existence of some other legal right when such person knows that the right does not exist.

110.    NCO, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(9), second half, when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made

multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the FDCPA and TCPA, and by unfair and deceptive practices, which are rights NCO knows does not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

111.    Fla. Stat. § 559.72(17) provides, in pertinent part:

In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor...

(a) The person may presume that the time a telephone call is received conforms to the local time zone assigned to the area code of the number called, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

(b) If, such as with toll-free numbers, an area code is not assigned to a specific geographic area, the person may presume that the time a telephone call is received confirms to the local time zone of the debtor's last known place of residence, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

112. NCO, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(17) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m.; which are communications with Debtor between 9 p.m. and 8 a.m. without Debtor's prior consent.

113. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

114. NCO, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(18) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m.; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which is a communication with Debtor by NCO where NCO Defendants knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

115. All conditions precedent to this action have occurred, have been satisfied or have been waived.

116. As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and NCO is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

117. Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the NCO as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the NCO, finding that the NCO violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT VI

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO NCO

118. This is an action against NCO for violations of 47 U.S.C. § 227 *et seq.*

119. Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

120. NCO, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

121. Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States –

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

122. NCO, during the timeframes set forth for it in paragraphs 20-22, violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; which is NCO's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone after Debtor told NCO that NCO did not have permission to call Debtor.

123. NCO willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system after Debtor told NCO that NCO did not have permission to call Debtor.

124. All conditions precedent to this action have occurred, have been satisfied or have been waived.

125. As a result of the above violation of the TCPA, NCO is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

126. Based upon the willful, knowingly, and intentional conduct of the NCO as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the NCO: (1) finding NCO violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding NCO willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT VII

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.* AS TO MRS

127 This is an action against MRS for violations of 15 U.S.C. § 1692 *et seq.*

128.     Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

129.     MRS, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication: (i) through telephone and data lines linking MRS with Cap One's systems and communications and (ii) to communicate with Debtor.

130.     The principal business of MRS is the collection of debts and MRS regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

131.     The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

132.     The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

133.     Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

134.     MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692c(a)(1) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made

multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us.".; all of which is MRS communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

135.    Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

A debt collector may not communicate with a consumer in connection with the collection of any debt —

(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

136.    MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692c(a)(2) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";
which is communication with Debtor by MRS where MRS knew Debtor was represented by an
attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and
address.

137.    Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which
> is to harass, oppress, or abuse any person in connection with the collection of a
> debt.

138.    MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15
U.S.C. § 1692d when Defendants (1) made multiple Collection Calls each day on multiple days
in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor
attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six
to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that
Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told
Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection
Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that
Defendants was not allowed to call Debtor at her place of employment; (6) made Collection
Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to
us." (7) made multiple Collection Calls, three collection calls each time - one right after the other
to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and
10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L.
Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided
counsel's contact information and Defendants ignored attorney information telling that "We
don't need your attorney's information. You have to listen to us."; all of which is conduct by

MRS the natural consequence of which is to harass, oppress, or abuse Debtors, including violations of the TCPA and FCCPA, in connection with the collection of the Alleged Debt.

139. Section 15 U.S.C. § 1692d(5) provides in pertinent part:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

140. MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692d(5) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

all of which is a threat by MRS to Debtors to take an action to continue to attempt to collect the

Alleged Debt by abuse and harassment by violating the FDCPA, FCCPA, and TCPA, and by

unfair and deceptive practices, which are actions that MRS cannot legally take.

141. Section 15 U.S.C. § 1692e provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt.

142. MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692e when Defendants (1) made multiple Collection Calls each day on multiple days

in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor

attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six

to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that

Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told

Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection

Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that

Defendants was not allowed to call Debtor at her place of employment; (6) made Collection

Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to

us." (7) made multiple Collection Calls, three collection calls each time - one right after the other

to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and

10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L.

Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided

counsel's contact information and Defendants ignored attorney information telling that "We

don't need your attorney's information. You have to listen to us."; all of which was use of false,

deceptive, or misleading representation or means by MRS that MRS could collect the Alleged

Debt by abuse and harassment by violating the FDCPA and FCCPA, and TCPA, and by unfair

and deceptive practices in connection with the collections of the Alleged Debt.

143.   Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of —
>
> (A) the character, amount, or legal status of any debt;

144.   MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692e(2)(A) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each

day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told

Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor

after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made

multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor

told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one

right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls

at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained

counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";
which is MRS using false representation of the character, amount, or legal status of the Alleged
Debt as a debt that could be collected by abuse and harassment and unfair and deceptive
practices, including violating the TCPA and FCCPA, in connection with the collection of the
Alleged Debt.

145.    Section 15 U.S.C. § 1692e(5) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of this section:

> (5) The threat to take any action that cannot legally be taken or that is not
> intended to be taken.

146.    MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15
U.S.C. § 1692e(5) when Defendants (1) made multiple Collection Calls each day on multiple
days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to
Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each
day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told
Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor
after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made
multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor
told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)
made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You
have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one
right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls
at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained

counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

all of which is a threat by MRS to Debtor to take an action to continue to attempt to collect the

Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and TCPA, and by

unfair and deceptive practices, which are actions that Collector Defendant cannot legally take.

147.    Section 15 U.S.C. § 1692e(10) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt. Without limiting the general
> application of the foregoing, the following conduct is a violation of this section:
>
> (10) The use of any false representation or deceptive means to collect or attempt
> to collect any debt or to obtain information concerning a consumer.

148.    MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692e(10) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each

day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told

Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor

after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made

multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor

told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one

right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls

at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained

counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

which was MRS's use of false representation or deceptive means to collect or attempt to collect

the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA and TCPA.

149.    Section 15 U.S.C. § 1692f provides in pertinent part:

> A debt collector may not use unfair or unconscionable means to collect or attempt
> to collect any debt.

150.    MRS, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692f when Defendants (1) made multiple Collection Calls each day on multiple days

in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor

attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six

to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that

Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told

Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection

Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that

Defendants was not allowed to call Debtor at her place of employment; (6) made Collection

Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to

us." (7) made multiple Collection Calls, three collection calls each time - one right after the other

to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and

10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L.

Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided

counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is MRS using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

151. As a result of MRS's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

152. All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that MRS has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT VIII

### VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO MRS

153. This is an action against MRS for violation of Fla. Stat. § 559.55 *et seq.*

154. Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

155. MRS is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

156.    The Alleged Debt is a "debt" as defined by Fla. Stat. § 559.55(1).

157.    MRS communicated certain information to Debtor as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

158.    Fla. Stat. § 559.72(7) provides, in pertinent part:

> In collecting consumer debts, no person shall:
>
> (7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

159.    MRS, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(7) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided

counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a willful communication with the Debtor with such frequency that MRS could reasonably expect such communication to harass Debtor, or which was a willful engagement by MRS in other conduct, including by violations of the FDCPA and TCPA, which could reasonably be expected to abuse or harass Debtor.

160.    Fla. Stat. § 559.72(9) provides, in pertinent part:

> In collecting consumer debts, no person shall:

> (9) ... or assert the existence of some other legal right when such person knows that the right does not exist.

161.    MRS, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(9), second half, when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor

retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the FDCPA and TCPA, and by unfair and deceptive practices, which are rights MRS knows does not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

162.     Fla. Stat. § 559.72(17) provides, in pertinent part:

In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor...

(c) The person may presume that the time a telephone call is received conforms to the local time zone assigned to the area code of the number called, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

(d) If, such as with toll-free numbers, an area code is not assigned to a specific geographic area, the person may presume that the time a telephone call is received conforms to the local time zone of the debtor's last known place of residence, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

163.     MRS, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(17) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m.; which are communications with Debtor between 9 p.m. and 8 a.m. without Debtor's prior consent.

164. Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

165. MRS, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(18) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which is a communication with Debtor by MRS where MRS Defendants knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

166. All conditions precedent to this action have occurred, have been satisfied or have been waived.

167. As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and MRS is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

168.   Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the MRS as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

. **WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the MRS, finding that the MRS violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT IX

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO MRS

169.   This is an action against MRS for violations of 47 U.S.C. § 227 *et seq.*

170.   Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

171.   MRS, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

172.   Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

173.   MRS, during the timeframes set forth for it in paragraphs 20-22, violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17,

2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; which is MRS's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone after Debtor told MRS that MRS did not have permission to call Debtor.

174.    MRS willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system after Debtor told MRS that MRS did not have permission to call Debtor.

175.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

176.    As a result of the above violation of the TCPA, MRS is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

177.    Based upon the willful, knowingly, and intentional conduct of the MRS as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the MRS: (1) finding MRS violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding MRS willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT X

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA"), 15 U.S.C. § 1692 *et seq.* AS TO GCCC

178.    This is an action against GCCC for violations of 15 U.S.C. § 1692 *et seq.*

179.    Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

180.    GCCC, in the conduct of its business, uses one or more instrumentalities of interstate commerce or the mails, including, without limitation, electronic communication: (i) through telephone and data lines linking GCCC with Cap One's systems and communications and (ii) to communicate with Debtor.

181.    The principal business of GCCC is the collection of debts and GCCC regularly collects or attempts to collect, directly or indirectly, debts owed or due to another.

182.    The Alleged Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

183.    The Collection Calls are a "communication" as defined by 15 U.S.C. § 1692(a)2.

184.    Section 15 U.S.C. § 1692c(a)(1) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location.

185.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692c(a)(1) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each

day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is GCCC communicating with Debtor at an unusual time or place or at a time or place known or which should be known to be inconvenient to Debtor.

186.    Section 15 U.S.C. § 1692c(a)(2) provides, in pertinent part:

> A debt collector may not communicate with a consumer in connection with the collection of any debt —

> (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

187.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692c(a)(2) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which is communication with Debtor by GCCC where GCCC knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

188.    Section 15 U.S.C. § 1692d provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

189.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692d when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L.

Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided

counsel's contact information and Defendants ignored attorney information telling that "We

don't need your attorney's information. You have to listen to us."; all of which is conduct by

GCCC the natural consequence of which is to harass, oppress, or abuse Debtors, including

violations of the TCPA and FCCPA, in connection with the collection of the Alleged Debt.

190.    Section 15 U.S.C. § 1692d(5) provides in pertinent part:

> A debt collector may not engage in any conduct the natural consequence of which
> is to harass, oppress, or abuse any person in connection with the collection of a
> debt. Without limiting the general application of the foregoing, the following
> conduct is a violation of this section:
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation
> repeatedly or continuously with intent to annoy, abuse, or harass any person at the
> called number.

191.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15

U.S.C. § 1692d(5) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each

day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told

Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor

after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made

multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor

told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one

right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls

at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a threat by GCCC to Debtors to take an action to continue to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA, FCCPA, and TCPA, and by unfair and deceptive practices, which are actions that GCCC cannot legally take.

192.    Section 15 U.S.C. § 1692e provides, in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or
> means in connection with the collection of any debt.

193.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L.

Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which was use of false, deceptive, or misleading representation or means by GCCC that GCCC could collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and TCPA, and by unfair and deceptive practices in connection with the collections of the Alleged Debt.

194.   Section 15 U.S.C. § 1692e(2)(A) provides, in pertinent part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of —

(A) the character, amount, or legal status of any debt;

195.   GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e(2)(A) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls

at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which is GCCC using false representation of the character, amount, or legal status of the Alleged Debt as a debt that could be collected by abuse and harassment and unfair and deceptive practices, including by violating the TCPA and FCCPA, in connection with the collection of the Alleged Debt.

196.    Section 15 U.S.C. § 1692e(5) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

197.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e(5) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a threat by GCCC to Debtor to take an action to continue to attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA, and TCPA, and by unfair and deceptive practices, which are actions that Collector Defendant cannot legally take.

198.    Section 15 U.S.C. § 1692e(10) provides in pertinent part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

199.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692e(10) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6)

made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; which was GCCC's use of false representation or deceptive means to collect or attempt to collect the Alleged Debt by abuse and harassment by violating the FDCPA and FCCPA and TCPA.

200.   Section 15 U.S.C. § 1692f provides in pertinent part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

201.   GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 15 U.S.C. § 1692f when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time – one right after the other

to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is GCCC using unfair or unconscionable means to collect or attempt to collect the Alleged Debt.

202.    As a result of GCCC's violation of the FDCPA, Debtor has been damaged, including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of the capacity for the enjoyment of life and is entitled to: (a) actual damages pursuant to 15 U.S.C. § 1692k(a)(1); (b) statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and (3) reasonable attorneys' fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3).

203.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment in Plaintiff's favor finding that GCCC has violated the FDCPA; awarding Plaintiff actual damages, statutory damages, attorneys' fees and costs, together with any and all such further relief as is deemed necessary or appropriate.

## COUNT XII

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT ("FCCPA"), FLA. STAT. § 559.55 *et seq.* AS TO GCCC

204.    This is an action against GCCC for violation of Fla. Stat. § 559.55 *et seq.*

205.    Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

206.    GCCC is engaged in the business of collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq*.

207.    GCCC communicated certain information to Debtor as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

208.    Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

209.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(7) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other

to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a willful communication with the Debtor with such frequency that GCCC could reasonably expect such communication to harass Debtor, or which was a willful engagement by GCCC in other conduct, including by violations of the FDCPA and TCPA, which could reasonably be expected to abuse or harass Debtor.

210.    Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) ... or assert the existence of some other legal right when such person knows that the right does not exist.

211.    GCCC, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(9), second half, when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You

have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the FDCPA and TCPA, and by unfair and deceptive practices, which are rights GCCC knows does not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

212.   Fla. Stat. § 559.72(17) provides, in pertinent part:

In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor...

(e) The person may presume that the time a telephone call is received conforms to the local time zone assigned to the area code of the number called, unless the person reasonably believes that the debtor's telephone is located in a different time zone.
(f) If, such as with toll-free numbers, an area code is not assigned to a specific geographic area, the person may presume that the time a telephone call is received confirms to the local time zone of the debtor's last known place of residence, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

213.   GCCC, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(17) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls, three

collection calls each time – one right after the other to Debtor, after 9:00 p.m. and before 8:00

a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m.; which are communications with

Debtor between 9 p.m. and 8 a.m. without Debtor's prior consent.

214.   Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented
by an attorney with respect to such debt and has knowledge of, or can readily
ascertain, such attorney's name and address, unless the debtor's attorney fails to
respond within 30 days to a communication from the person, unless the debtor's
attorney consents to a direct communication with the debtor, or unless the debtor
initiates the communication.

215.   GCCC, during the timeframes set forth for it in paragraphs 20-22, violated Fla.

Stat. § 559.72(18) when Defendants (1) made multiple Collection Calls each day on multiple

days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to

Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor,

after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants

of retained counsel, and provided counsel's contact information and Defendants ignored attorney

information telling that "We don't need your attorney's information. You have to listen to us.";

which is a communication with Debtor by GCCC where GCCC Defendants knew Debtor was

represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the

attorney's name and address.

216.   All conditions precedent to this action have occurred, have been satisfied or have

been waived.

217   As a result of the above violations of the FCCPA, Debtor has been damaged

including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness,

anger, and loss of capacity to enjoy life and GCCC is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

218.    Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the GCCC as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the GCCC, finding that the GCCC violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT XII

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 et seq. AS TO GCCC

219.    This is an action against GCCC for violations of 47 U.S.C. § 227 et seq.

220.    Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

221.    GCCC, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

222.    Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

223.   GCCC, during the timeframes set forth for it in paragraphs 20-22, violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; which is GCCC's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone after Debtor told GCCC that GCCC did not have permission to call Debtor.

224.   GCCC willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system after Debtor told GCCC that GCCC did not have permission to call Debtor.

225.   All conditions precedent to this action have occurred, have been satisfied or have been waived.

226.   As a result of the above violation of the TCPA, GCCC is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

227.   Based upon the willful, knowingly, and intentional conduct of the GCCC as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the GCCC: (1) finding GCCC violated the TCPA; (2) awarding Plaintiff actual damages or the

amount of $500.00 in damages for each violation, whichever is greater; (3) finding GCCC willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT XIII

## VIOLATION OF THE FLORIDA CONSUMER COLLECTIONS PRACTICES ACT, FLA. STAT. § 559.55 *et seq.* AS TO CAP ONE

228.     This is an action against Cap One for violations of Fla. Stat. § 559.55 *et seq.*

229.     Plaintiff realleges and incorporates paragraphs 1 through 24, as if fully set forth herein.

230.     Cap One is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Fla. Stat. §559.55 *et seq.*

231.     Cap One communicated certain information to Debtor, as set forth in the above Factual Allegation paragraphs, which constitutes "communication," as defined by Fla. Stat. § 559.55(5).

232.     Fla. Stat. § 559.72(7) provides, in pertinent part:

In collecting consumer debts, no person shall:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

233.     Cap One, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(7) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six

to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is a willful communication with the Debtor with such frequency that Cap One could reasonably expect such communication to harass Debtor, or which was a willful engagement by Cap One in other conduct, including by violations of the FDCPA and TCPA, which could reasonably be expected to abuse or harass Debtor.

234.    Fla. Stat. § 559.72(9) provides, in pertinent part:

In collecting consumer debts, no person shall:

(9) ... or assert the existence of some other legal right when such person knows that the right does not exist.

235.    Cap One, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(9), second half, when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17,

2010, to Debtor attempting to collect the Alleged Debt; (2) made seven Collection Calls to Debtor each day, six to seven days each week; (3) made Collection Calls to Debtor after Debtor told Defendants that Debtor could not pay the Alleged Debt; (4) made Collection Calls to Debtor after Debtor told Defendants to stop calling Debtor regarding the Alleged Debt; (5) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; (6) made Collection Calls to Debtor telling Debtor "We don't need your attorney's information. You have to listen to us." (7) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m..; and (8) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us."; all of which is an assertion of the existence of the legal right to attempt to collect the Alleged Debt, including by violations of the FDCPA and TCPA, and by unfair and deceptive practices, which are rights Cap One knows does not exist, in violation of the FCCPA including Fla. Stat. § 559.72(9), second half.

236.    Fla. Stat. § 559.72(17) provides, in pertinent part:

In collecting consumer debts, no person shall:

(17) Communicate with the debtor between the hours of 9 p.m. and 8 a.m. in the debtor's time zone without the prior consent of the debtor...

(g) The person may presume that the time a telephone call is received conforms to the local time zone assigned to the area code of the number called, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

(h) If, such as with toll-free numbers, an area code is not assigned to a specific geographic area, the person may presume that the time a telephone call is received confirms to the local time zone of the debtor's last known place of residence, unless the person reasonably believes that the debtor's telephone is located in a different time zone.

237.    Cap One, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(17) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls, three collection calls each time - one right after the other to Debtor, after 9:00 p.m. and before 8:00 a.m. specifically Collection Calls at 7:30 a.m. and 10.00 p.m.; which are communications with Debtor between 9 p.m. and 8 a.m. without Debtor's prior consent.

238.    Fla. Stat. § 559.72(18) provides, in pertinent part:

In collecting consumer debts, no person shall:

(18) Communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's attorney fails to respond within 30 days to a communication from the person, unless the debtor's attorney consents to a direct communication with the debtor, or unless the debtor initiates the communication.

239.    Cap One, during the timeframes set forth for it in paragraphs 20-22, violated Fla. Stat. § 559.72(18) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor, after Debtor retained counsel, L. Jill McDonald, Esq., in January 7, 2010, informed Defendants of retained counsel, and provided counsel's contact information and Defendants ignored attorney information telling that "We don't need your attorney's information. You have to listen to us.";

which is a communication with Debtor by Cap One where Cap One knew Debtor was represented by an attorney as to the Alleged Debt and knew, or could readily ascertain, the attorney's name and address.

240.   All conditions precedent to this action have occurred, have been satisfied or have been waived.

241.   As a result of the above violations of the FCCPA, Debtor has been damaged including, but not limited to, mental anguish, despair, frustration, embarrassment, nervousness, anger, and loss of capacity to enjoy life and Cap One is liable to Plaintiff for actual damages, statutory damages, and reasonable attorney's fees and costs pursuant to the FCCPA, Fla. Stat. § 559.77(2).

242.   Based upon the willful, intentional, knowing, malicious, repetitive and continuous conduct of the Cap One as described herein, Plaintiff is also entitled to an award of punitive damages in accordance with Fla. Stat. §§ 559.77 and 768.72.

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Cap One, finding that the Cap One violated the FCCPA, awarding Plaintiff actual damages, statutory damages, punitive damages, attorneys' fees and costs pursuant to Fla. Stat. § 559.77(2), and awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## COUNT XIV

## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *et seq.* AS TO CAP ONE

243.   This is an action against Cap One for violations of 47 U.S.C. § 227 *et seq.*

244.   Plaintiff re-alleges and reincorporates paragraphs 1 through 24, as if fully set forth here-in.

245.    Cap One, in the conduct of its business, uses an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1)(A) to communicate with Debtor.

246.    Section 47 U.S.C. § 227(b)(1)(A)(iii) provides in pertinent part:

It shall be unlawful for any person within the United States --

(A) to make any call . . . using any automatic telephone system or an artificial or prerecorded voice --

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

247.    Cap One, during the timeframes set forth for it in paragraphs 20-22, violated 47 U.S.C. § 227(b)(1)(A)(iii) when Defendants (1) made multiple Collection Calls each day on multiple days in multiple weeks over multiple months from April 1, 2008 through April 17, 2010, to Debtor attempting to collect the Alleged Debt; and (2) made multiple Collection Calls to Debtor's cell phone at Debtor's place of employment after Debtor told Defendants that Defendants was not allowed to call Debtor at her place of employment; which is Cap One's use of an automatic telephone dialing system to make multiple Collection Calls to Debtor on Debtor's personal cell phone after Debtor told Cap One that Cap One did not have permission to call Debtor.

248.    Cap One willfully, knowingly, and intentionally made multiple Collection Calls to Debtor's personal cell phone utilizing an automatic telephone dialing system after Debtor told Cap One that Cap One did not have permission to call Debtor.

249.    All conditions precedent to this action have occurred, have been satisfied or have been waived.

250.    As a result of the above violation of the TCPA, Cap One is liable to Plaintiff for actual damages, or the amount of $500.00 as damages for each violation, whichever is greater, pursuant to the TCPA, 47 U.S.C. § 227(b)(3)(B).

251.    Based upon the willful, knowingly, and intentional conduct of the Cap One as described herein, Plaintiff is also entitled to an increase in the amount of the award to treble the damages amount available under 47 U.S.C. § 227(b)(3)(B), in accordance with 47 U.S.C. § 227(b)(3).

**WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against the Cap One: (1) finding Cap One violated the TCPA; (2) awarding Plaintiff actual damages or the amount of $500.00 in damages for each violation, whichever is greater; (3) finding Cap One willfully, knowingly and intentionally violated 47 U.S.C. § 227 *et seq.* and increasing the damages award to treble the amount of damages otherwise to be entered as a judgment; and (4) awarding Plaintiff any and all such further relief as is deemed necessary and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby respectfully demands a trial by jury. U.S. Const. amend.

7, and Fla. R. Civ. P. 1.430.

Dated: February 7, 2013

Respectfully Submitted,

**LASH & WILCOX PL**
4401 W. Kennedy Blvd., Suite 210
Tampa, FL 33609
Phone: 813.289.3200
Facsimile: 813.289.3250

**THOMAS A. LASH, ESQ.**
Florida Bar No. 849944
e-mail: tlash@lashandwilcox.com
Attorney for the Trustee